IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03359-CMA-MJW

MARCUS LESSARD,

Plaintiff,

v.

TRACI CRAVITZ, *in her individual and official capacities*,
BOULDER POLICE DEPARTMENT*, a municipality*,
BOULDER DISTRICT ATTORNEY'S OFFICE, *a municipality*,
NATASHA ANDERSON, *f/k/a Natasha Young, in her individual and official capacities*,
KAREN LORENZ, *in her individual and official capacities*,
KAREN PETERS, *in her individual and official capacities*,
STEVEN LOUTH, *a private party in conspiracy with Boulder DA's Office Defendants*,
LIZ LAFEMINA, *a private party in conspiracy with Boulder Police Department Defendants*,
KERRY YAMAGUCHI, *in his individual and official capacities*,
JOHN DOE #1, *in his/her individual and official capacities*,
JOHN DOE #2, *in his/her individual and official capacities*,
LAEL MONTGOMERY, *in her individual and official capacities*,
THOMAS J. B. REED, *in his individual and official capacities*,
G. MULVANEY, *in his/her individual and official capacities*,
LUCY BATTON, *in her individual and official capacities*,
GORDON BROWN, *in his individual and official capacities*,
CASSANDRA HENRIKSON, *in her individual and official capacities*,
ERICA SOLANO, *in her individual and official capacities*,
JANE HARMER, *in her individual and official capacities*,
GORDON COOMBES, *in his individual and official capacities*,
MAGGIE GREEN, *in her individual and official capacities*,
MARK HUSMANN, *in his individual and official capacities*,
MARCI LIEBERMAN, *in her individual and official capacities*,
DONNA TEAGUE, *in her individual and official capacities*,
TIM JOHNSON, *in his individual and official capacities*, and
STAN GARNETT, *in his individual and official capacities*,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

## Background

Very briefly stated, Plaintiff alleges in this lawsuit that Defendant Liz LaFemina and various other Defendants from the criminal justice system – police officers, prosecutors, judges, and others – conspired to violate Plaintiff's rights by falsely accusing and prosecuting him for felony stalking of Defendant LaFemina.

On January 26, 2015, Plaintiff filed an Emergency Motion for Leave to Serve a Protected Party. (Docket No. 13.) The motion sought leave to serve Defendant LaFemina – the alleged victim in Plaintiff's underlying criminal prosecution. In the motion, Plaintiff represented that Defendant LaFemina currently has a permanent protection order in place preventing Plaintiff from contacting her. Plaintiff also represented that (1) previous attempts to serve Defendant LaFemina with legal process (specifically, a motion to vacate the PPO) were deemed violations of the protective order, and (2) the Boulder District Attorney's Office took the position that service of process in this case would constitute a violation of the protective order because the claims against Defendant LaFemina were frivolous.

On February 3, 2015, the Court denied the motion, deeming it prudent to wait and see as the case developed. The Court ordered that Plaintiff not serve Defendant LaFemina, and granted Plaintiff leave to renew the question after the March 2, 2015, scheduling conference. (Docket No. 21.) On May 21, 2015, Plaintiff filed a motion renewing his request. (Docket No. 96.)

## Order

This Court has no authority to supersede or otherwise override a permanent protective order entered by a state court. Further, because the questions are not squarely before this Court, the Court will not venture any guess as to (1) whether service of process upon LaFemina constitutes a violation of the permanent protection order, or (2) whether an order from this court granting Plaintiff's motion would be a legal defense to prosecution for violation of the permanent protection order.

That said, as of the date of this minute order, there has been no finding by this Court that Plaintiff's claims against Defendant LaFemina (or anyone else) are frivolous. This case has not been dismissed and no grounds have been stated as to why LaFemina is not a properly joined defendant. There is no factual record from which the Court can find that there is no proper purpose for this lawsuit or that it is intended to harass Defendant LaFemina. Plaintiff has a right to serve Defendant LaFemina with process under Federal Rule of Civil Procedure 4.

Case 1:14-cv-03359-CMA-MJW   Document 104   Filed 05/28/15   USDC Colorado   Page 3 of 3


3

Accordingly, Plaintiff's Renewed Motion for Leave to Serve a Protected Party [Defendant Liz LaFemina] **(Docket No. 96)** is **GRANTED**, as follows:

- On or before June 5, 2015, Plaintiff may mail service of process to Defendant LaFemina by regular first-class mail through the United States Postal Service, with a request for waiver of service pursuant to Fed. R. Civ. P. 4(d).  LaFemina shall be given 30 days to waive service.  <u>Plaintiff shall include a copy of this Minute Order with the service of process</u>. Plaintiff may not attempt service through any other means.

- If Defendant LaFemina's waiver of service is not filed with the Court by July 6, 2015, or otherwise received by Plaintiff by that date, Plaintiff shall file a notice of same with the Court, at which point the Court will make further orders as to the method of service.

Date: May 28, 2015