**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-03359-CMA-MJW

MARCUS LESSARD,

    Plaintiff,

v.

TRACI CRAVITZ, in her individual and official capacities,
BOULDER POLICE DEPARTMENT,
BOULDER DISTRICT ATTORNEY'S OFFICE,
NATASHA ANDERSON, f/k/a NATASHA YOUNG, in her individual and official capacities,
KAREN LORENZ, in her individual and official capacities,
KAREN PETERS, in her individual and official capacities,
STEVEN LOUTH,
LIZ LAFEMINA,
KERRY YAMAGUCHI, in his individual and official capacities,
JOHN DOE #1, in his/her individual and official capacities,
JOHN DOE #2, in his/her individual and official capacities,
LAEL MONTGOMERY, in her individual and official capacities,
THOMAS J. B. REED, in his individual and official capacities,
G. MULVANEY, in his/her individual and official capacities,
LUCY BATTON, in her individual and official capacities,
GORDON BROWN, in his individual and official capacities,
CASSANDRA HENRIKSON, in her individual and official capacities,
ERICA SOLANO, in her individual and official capacities,
JANE HARMER, in her individual and official capacities,
GORDON COOMBES, in his individual and official capacities,
MAGGIE GREEN, in her individual and official capacities,
MARK HUSMANN, in his individual and official capacities,
MARCI LIEBERMAN, in her individual and official capacities, and
DONNA TEAGUE, in her individual and official capacities,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING THE SEPTEMBER 10, 2015
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

On December 1, 2014, this case was referred to United States Magistrate Judge Michael J. Watanabe to conduct all motion proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72(a) and (b).  (Doc. # 4.)  In a Report & Recommendation issued on September 10, 2015, Magistrate Judge Watanabe recommended that Plaintiff Marcus Lessard's Motion to Request Injunctive Relief (Doc. # 151) and Mr. Lessard's Motion to Request Injunction for Temporary Stay (Doc. # 153) both be denied.  This Court incorporates Magistrate Judge Watanabe's recommendation herein by reference.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  On September 16, 2015, Mr. Lessard filed a timely objection to both of Magistrate Judge Watanabe's recommendations.  (Doc. # 160.)

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

In support of his Motion to Request Injunctive Relief (Doc. # 151), Mr. Lessard alleges that while federal courts must generally abstain from enjoining ongoing criminal proceedings in state courts, his claims falls under the established exceptions to that rule.  Magistrate Judge Watanabe recommends the denial of this motion because Mr. Lessard fails to establish that any of the exceptions apply.  Magistrate Judge Watanabe states that the prosecution against Mr. Lessard is not frivolous and was not commenced or conducted with the purpose of harassing him.  He further states that Mr. Lessard fails

to show that the statute was patently and obviously unconstitutional in general, or as applied to him.  Finally, he finds that Mr. Lessard fails to show any other circumstances indicating a risk of irreparable injury that would warrant enjoining the proceedings.

In support of his Motion to Request Injunction for Temporary Stay (Doc. # 153), Mr. Lessard argues that he would be prejudiced if the state criminal proceeding began before the court had time to rule on his motion for an injunction.  Magistrate Judge Watanabe recommends the denial of this motion because Mr. Lessard has not shown that he is entitled to preliminary injunctive relief.  He states that Mr. Lessard has not demonstrated a substantial likelihood of success on the merits.  Further, he states that granting the motion would be contrary to the public interest because of the strong policy against enjoining ongoing state criminal proceedings.

This Court has carefully reviewed Magistrate Judge Watanabe's Report & Recommendation and Mr. Lessard's objections to this Report & Recommendation.  The Court finds that Magistrate Judge Watanabe's thorough and comprehensive analyses on these matters are correct.  Therefore, Mr. Lessard's objections to Magistrate Judge Watanabe's finding that none of the *Younger* abstention exceptions apply are wholly without merit.

Mr. Lessard's objection to the timeliness of Magistrate Judge Watanabe's Report & Recommendation is also meritless.  Mr. Lessard argues that it was improper for Magistrate Judge Watanabe to issue his recommendation before Mr. Lessard could reply and before the parties had a hearing on this issue.  However, this objection is unsupported by the local procedural rules.  D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.");

D.C.COLO.LCivR 7.1(h) ("A motion may be decided without oral argument, at the court's discretion."). As required by Federal Rule of Civil Procedure 52(a)(2), Judge Watanabe sets forth "the factual basis for [his] conclusions as to ultimate facts, indicate[s] the legal standard against which . . . [he] measured the evidence, and broadly cover[s] all material issues." *Attorney Gen. of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 782 (10th Cir. 2009) (district court's order denying preliminary injunction was adequate where it set forth the standard to grant a preliminary injunction, its determination that experts were not credible, and its holding that movant could not establish causation or, therefore, likelihood of success on the merits). Because the Court finds that nothing in Mr. Lessard's objection would alter the well-reasoned conclusions of Judge Watanabe, this objection is meritless.

Accordingly, it is hereby ORDERED that Mr. Lessard's Objection (Doc. # 160) is OVERRULED.

It is FURTHER ORDERED that the recommendation of United States Magistrate Judge Watanabe (Doc. # 158) that Mr. Lessard's Motion to Request Injunctive Relief (Doc. # 151) be DENIED and that Mr. Lessard's Motion to Request Injunction for a Temporary Stay (Doc. # 153) be DENIED are AFFIRMED and ADOPTED as an order of this Court.

DATED: September 25, 2015                    BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge